1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  Aaron R. Goldstein, Bar No. 239423
   AGoldstein@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
4  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.843.1284

6  Attorneys for Defendants
   CALIBER HOME LOANS, INC.,
7  SUMMIT MANAGEMENT COMPANY, LLC,
   and MORTGAGE ELECTRONIC
8  REGISTRATION SYSTEMS, INC.

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  MICHELE GOODSPEED an            | Case No. 5:14-cv-02538-SJO-KK
    individual,                     |
13                                  | **DEFENDANTS' NOTICE OF**
                 Plaintiff,         | **MOTION AND MOTION TO**
14                                  | **DISMISS PLAINTIFF'S**
          v.                        | **COMPLAINT**
15                                  |
    CALIBER HOME LOANS, INC., a     | **[FED. R. CIV. P. 12(b)(6)]**
16  Delaware Corporation; MORTGAGE  |
    ELECTRONIC REGISTRATION         | *Filed with Request for Judicial Notice*
17  SYSTEMS, INC., a Delaware       | *and [Proposed] Order*
    Corporation; SUMMIT             |
18  MANAGEMENT COMPANY, LLC, a      | Date:        January 20, 2015
    Delaware Limited Liability Company; | Time:        10:00 a.m.
19  Does 1 through 100 Inclusive,   | Courtroom:   1 - 2nd Floor
                                    | Judge:       Hon. S. James Otero
20               Defendants.        |

21

22

23

24

25

26

27

28

-1-

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 20, 2015, at 10:00 a.m. in Courtroom 1 of the United States District Court for the Central District of California, located at 312 North Spring Street, 2nd Floor, Los Angeles, California 90012, CALIBER HOME LOANS, INC. ("Caliber"), SUMMIT MANAGEMENT COMPANY, LLC ("Summit") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively, "Defendants") will, and hereby do, move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing all claims against them.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

This Motion is also brought following counsel for Defendants good faith effort to meet and confer with Plaintiff, in accordance with Civil Local Rule 7-3. Counsel for Defendants repeatedly attempted to meet and confer with Plaintiff, prior to the filing of this Motion, and left voice-mail messages on the phone number listed on the Complaint -- all without response, to date. An informal resolution could not be reached.

DATED: December 17, 2014          **PERKINS COIE LLP**

By: */s/ Aaron R. Goldstein*
    Aaron R. Goldstein, Bar No. 239423
    AGoldstein@perkinscoie.com

Attorneys for Defendants
CALIBER HOME LOANS, INC.,
SUMMIT MANAGEMENT
COMPANY, LLC, and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.

-2-

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION................................................................................1

II.  STATEMENT OF FACTS................................................................2

III. ARGUMENT ....................................................................................3

    A.   Standard for a Motion to Dismiss ...........................................3

    B.   The Complaint Should Be Dismissed For Failure to Allege A Willingness and Ability to Tender the Amounts Owed.......................4

    C.   Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted With Respect to Each Cause of Action Alleged Against Defendants..........................................................................5

        1.   Plaintiff Fails to State a Claim for Wrongful Foreclosure .........6

            a.   Defendants Are Entitled to Conduct Foreclosure Proceedings .........................................................6

            b.   Judicial Actions Raising Purported "Standing" Challenges Cannot Be Filed to Interfere With Lawful Nonjudicial Foreclosure Proceedings.................7

            c.   Plaintiff Cannot Show Any Prejudice or Harm ..............8

            d.   Plaintiff Cannot Allege That The Assignments Were Invalid ....................................................9

            e.   The Substitution of Trustee Was Proper .......................12

            f.   The Notice of Default Was Proper.................................13

            g.   The Claim That Defendant Failed to Comply With Section 2923.5 Fails .........................................13

        2.   Plaintiff Fails to State a Claim for Slander of Title................14

        3.   Plaintiff Fails to State a Claim for an Accounting ..................15

        4.   Plaintiff Fails to State a Claim for Injunctive Relief...............16

        5.   Plaintiff Fails to State a Claim for Quiet Title .......................17

        6.   Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.........................................................18

        7.   Plaintiff Fails to State A Claim for Cancellation of Trustee Deed Upon Sale Under Cal. Civ. Code § 3412 ..........18

    D.   Plaintiff's Complaint Should Be Dismissed Without Leave to Amend Because Leave to Amend Would be Futile..........................20

IV. CONCLUSION ...............................................................................20

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abdallah v. United Savs. Bank,*
    43 Cal. App. 4th 1101 (1996)..........................................................................5

*Alicea v. GE Money Bank,*
    Case No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16,
    2009)..............................................................................................................4

*Anderson v. Wickliffe,*
    178 Cal. 120 (1918)......................................................................................11

*Arnolds Mgmt. Corp. v. Eischen,*
    158 Cal. App. 3d 575 (1984)...........................................................................5

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009)................................................................................3, 4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................................3

*Bleavins v. Demarest,*
    196 Cal.App.4th 1533,1542 (2011)..............................................................11

*Briosos v. Wells Fargo Bank,*
    737 F.Supp.2d 1018 (N.D.Cal.2010)............................................................17

*Brown v. U.S. Bancorp,*
    No. CV 11-6125 CAS, 2012 WL 665900 (C.D. Cal. Feb. 27, 2012) .................14

*Caballero v. Bank of Am.,*
    No. 10-CV-02973-LHK, 2010 WL 4604031 (N.D. Cal. Nov. 4, 2010) .............10

*Caceres v. Bank of America, N.A.,*
    No. SACV 13-542-JLS, 2013 WL 7098635 (C.D. Cal. Oct. 28, 2013)..............13

*Calvo v. HSBC Bank USA, N.A.,*
    No. B226494, 2011 WL 4035791 (Cal. App. Sept. 13, 2011)...............................10

-ii-

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Castaneda v. Saxon Mortg. Servs.*,
  687 F. Supp. 2d 1191 (E.D. Cal. 2009) ........................................................ 16

*Chang v. Chen*,
  80 F.3d 1293 (9th Cir. 1996) ...................................................................... 20

*Christie v. Morgan Stanley Mortg. Capital Holdings*,
  LLC, No. 12-01584, 2012 WL 5363368 (C.D. Cal. Oct. 30, 2012) ...................... 11

*Clerk v. Telesis Comm. Credit Union*,
  No. EDCV 12-01152- .................................................................................. 14

*Dennis v. Wachovia Bank, FSB*,
  2011 WL 181373 (N.D. Cal. Jan. 19, 2011) ...................................................... 7

*Dick v. Am. Home Mortg. Servicing, Inc.*,
  2014 WL 172537 (E.D. Cal. Jan. 15, 2014) .................................................... 19

*Dimock v. Emerald Props. LLC*,
  81 Cal. App. 4th 868 (2000) ............................................................... 12, 17

*Durning v. First Boston Corp.*,
  815 F.2d 1265 (9th Cir. 1987) ....................................................................... 4

*Edwards v. Fed. Home Loan Mortgage Corp.*,
  C 12-04868 JSW, 2012 WL 5503532 (N.D. Cal. Nov. 13, 2012) ......................... 9

*Flemister v. Citibank, N.A.*,
  No. CV 12–5368 CAS, 2012 WL 6675273 (C.D.Cal. Dec. 20, 2012) .................. 9

*Flowers v. Wells Fargo Bank, N.A.*,
  2011 WL 2748650 (N.D. Cal. July 13, 2011) .................................................. 15

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal. App. 4th 256 (2011) .............................................................. 8, 9, 11

*Gantman v. United Pac. Ins. Co.*,
  232 Cal.App.3d 1560 (1991) ....................................................................... 11

*Glue-Fold, Inc. v. Slautterback Corp.*,
  82 Cal.App.4th 1018 (2000) ........................................................................ 19

-iii-

1

**TABLE OF AUTHORITIES**
**(continued)**

2

Page

3

*Gomes v. Countrywide Home Loans, Inc.,*

4

192 Cal. App. 4th 1149 (2011) ..................................................................... 7, 8

5

*Hagberg v. California Federal Bank FSB,*

6

32 Cal. 4th 350 (2004) ..................................................................................... 14

7

*Herrera v. Fed. Nat. Mortgage Assn.,*

205 Cal. App. 4th 1495 (2012) ........................................................................ 8

8

*I.E. Associates v. Safeco Title Ins. Co.,*

9

39 Cal. 3d 281 (1985).................................................................................... 7, 9

10

*Jelsing v. MIT Lending,*

11

2010 WL 2731470 (S.D. Cal. July 9, 2010)................................................. 19

12

*Kachlon v. Markowitz,*

13

168 Cal. App. 4th 316 (2008)................................................................ 12, 14, 15

14

*Karlsen v. American Sav. & Loan Ass'n,*

15

15 Cal. App. 3d 112 (1971) .............................................................................. 5

16

*Kelley v. Mortgage Electronic Registration,*

17

642 F.Supp.2d 1048 (N.D.Cal.2009)............................................................. 17

18

*Killian v. Millard,*

19

228 Cal. App. 3d 1601 (1991)........................................................................ 11

20

*Kritzer v. Lancaster,*

96 Cal. App. 2d 1 (1950) ................................................................................ 16

21

22

*Lane v. Vitek Real Estate Industries Group,*

713 F.Supp.2d 1092 (E.D. Cal. 2010)............................................................. 7

23

*Lee v. City of Los Angeles,*

24

250 F.3d 668 (9th Cir. 2001)............................................................................ 4

25

*Lujan v. Defenders of Wildlife,*

26

504 U.S. 555 (1992) ........................................................................................ 11

27

*Madrid v. Perot Systems Corp.,*

28

130 Cal. App. 4th 440 (2005)......................................................................... 16

-iv-

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Mangindin v. Washington Mutual Bank,*
637 F.Supp.2d 700 (N.D. Cal. 2009) ............................................................. 15

*McFadden v. Deutsche Bank Nat'l Trust Co.,*
2011 U.S. Dist. LEXIS 91010 (E.D. Cal. Aug. 2011) ................................... 14

*Moeller v. Lien,*
25 Cal. App. 4th 822 (1994). (S*ee* RJN, Exh. "A", ¶ 22.) ................................ 6, 7

*Murphy v. Allstate Ins. Co.,*
17Cal.3d 937 (1976) ....................................................................................... 11

*Nymark v. Heart Fed. Sav. & Loan Assn.,*
231 Cal. App. 3d 1089 ..................................................................................... 16

*Oaks Management Corporation v. Superior Court,*
145 Cal. App. 4th 453 ..................................................................................... 16

*Parcray v. Shea Mortg. Inc.,*
No. CV-F-09-1942 ........................................................................................... 10

*Pareto v. F.D.I.C.,*
139 F.3d 696 (9th Cir. 1998) .............................................................................. 4

*Perlas v. GMAC Mortgage, LLC,*
187 Cal. App. 4th 429 (2010) .......................................................................... 16

*Robinson v. Countrywide Home Loans, Inc.,*
199 Cal. App. 4th 42 (2011) .............................................................................. 8

*Ross v. Creel Printing & Publishing Co., Inc.,*
100 Cal. App. 4th 736 (2002) .......................................................................... 18

*Sanborn v. Chronicle Pub. Co.,*
18 Cal. 3d 406 (1976) ...................................................................................... 15

*Shimpones v. Stickney,*
219 Cal. 637 (1934) ......................................................................................... 17

*Siliga v. Mortgage Electronic Registration Systems, Inc.,*
219 Cal.App.4th 75 (2013) ............................................................................ 8, 9

-v-

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2009)........................................................................ 4

*Sumner Hill Homeowners' Assoc. v. Rio Mesa Holdings, LLC*,
    205 Cal.App.4th 999 (2012)...................................................................... 14

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007)....................................................................... 4

*Truck Ins. Exchange v. Bennett*,
    53 Cal.App.4th 75 (1997).......................................................................... 14

*United States Cold Storage of California v. Great W. Savings & Loan Ass'n*,
    165 Cal. App. 3d 1214 (1985)..................................................................... 5

*W. Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981)....................................................................... 4

*Wilson v. Household Fin. Corp.*,
    2013 WL 1310589 (E.D. Cal. Mar. 28, 2013) ............................................ 19

*Yazdanpanah v. Sacramento Valley Mortgage Group*,
    2009 WL 4573381 (N.D. Cal. Dec. 1, 2009) ............................................. 19

*Zendejas v. GMAC Wholesale Mortg. Corp.*,
    2010 WL 2629899 (E.D. Cal. June 29, 2010)............................................ 19

STATUTES

Cal. Civ. Code § 2923.5 ........................................................................ 5, 13

Cal. Civ. Code § 2924 ........................................................................... passim

Cal. Civ. Code § 2934 ..................................................................... 5, 10, 12

Cal. Civ. Code §2936 ................................................................................. 9

Cal. Civ. Code § 3412 ..................................................................... 5, 18, 19

Cal. Code Civ. Proc. §760.020 ................................................................ 17

Cal. Code Civ. Proc. §760.030(a) ........................................................... 17

-vi-

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2    Defendants CALIBER HOME LOANS, INC. ("Caliber"), SUMMIT

3 MANAGEMENT COMPANY, LLC ("Summit") and MORTGAGE

4 ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively,

5 "Defendants") hereby submit their memorandum of points and authorities in

6 support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to

7 dismiss the Complaint filed by Plaintiff Michelle Goodspeed ("Plaintiff") and each

8 and every cause of action brought against Defendants therein.

9 **I.      INTRODUCTION**

10    Plaintiff borrowed $99,000.00 secured against property in San Bernardino,

11 California, in September 2003. Plaintiff defaulted on her loan obligations in 2011,

12 *over 3 years ago*, and nonjudicial foreclosure proceedings commenced. After

13 failing to obtain a loan modification, Plaintiff initiated this lawsuit against

14 Defendants. Despite conceding that she is behind on her loan payments, Plaintiff

15 now ask for monetary damages and injunctive relief in hopes of preventing a non-

16 judicial foreclosure sale.

17    In this purported "wrongful foreclosure" action, Plaintiff's Complaint

18 ("Complaint") fails to set forth any, let alone sufficient, facts upon which a claim

19 for relief arising from wrongful foreclosure can be stated against Defendants, only

20 providing mere labels and conclusory allegations cast as purported factual

21 allegations. Plaintiff's Complaint is completely without merit and contrary to

22 established California foreclosure law under which the foreclosure of Plaintiff's

23 property--whose loan obligation she admits she did not pay--may proceed to

24 nonjudicial sale. Plaintiff cannot cure the fatal defects of her Complaint.

25    For the reasons set forth herein, Defendants request that the Court grant its

26 motion to dismiss without leave to amend.

27

28

## II.    STATEMENT OF FACTS

On or about September 25, 2003, Plaintiff borrowed $99,000.00 from MILA, Inc., d/b/a Mortgage Investment Lending Associates, Inc., which was secured by a Deed of Trust recorded against 6986 Newbury Avenue, San Bernardino, California 92404 (the "Property"). (*See* Complaint, ¶ 9; *see also* Request For Judicial Notice ("RJN"), Exh. "A".) The Deed of Trust identified Gateway Title as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. (RJN, Exh. "A".)

There were several recorded Assignments of the Deed of Trust. On March 30, 2012 an Assignment of Deed of Trust was recorded against the Property transferring the beneficial interest from MERS to HSBC Mortgage Services Inc. (RJN, Exh. "B".) On July 2, 2014 a second Assignment of Deed of Trust was recorded against the Property transferring the beneficial interest from HSBC Mortgage Services Inc. to Household Finance Corporation of California. ( RJN, Exh. "C".) On February 25, 2014 a third Assignment of Deed of Trust was recorded against the Property transferring the beneficial interest from HSBC Mortgage Services Inc. to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust. (RJN, Exh. "D".) On March 27, 2014 a fourth Assignment of Deed of Trust was recorded against the Property transferring the beneficial interest from Household Finance Corporation of California to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust. (RJN, Exh. "E".)

On January 7, 2011, a Notice of Default was recorded as Plaintiff was in arrears in the amount of $4,509.63 on the loan. (RJN, Exh. "F".)

On March 27, 2014, a Substitution of Trustee was recorded against the Property substituting Summit as the Trustee under the Deed of Trust. (RJN, Exh. "G".)

On April 7, 2014, a subsequent Notice of Default was recorded as Plaintiff was in arrears in the amount of $21,509.14 on the loan. (RJN, Exh. "H".) Plaintiff

-2-

1  failed to cure the default on the loan and a Notice of Trustee's Sale was recorded on

2  September 12, 2014, setting a sale date for the Property for October 14, 2014.

3  (RJN, Exh. "I".)

4       In an effort to halt the foreclosure sale, Plaintiff has filed this Complaint,

5  despite the fact that she does not allege that she tendered, or even attempted to

6  tender, the amount in default to Defendants.

7  ## III.   ARGUMENT

8  ### A.   Standard for a Motion to Dismiss

9       A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in

10  the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

11  does not need detailed factual allegations, a plaintiff's obligation to provide the

12  'grounds' of her 'entitlement to relief' requires more than labels and conclusions,

13  and a formulaic recitation of the elements of a cause of action will not do."

14  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]actual allegations

15  must be enough to raise a right to relief above the speculative level." *Id.* To survive

16  a motion to dismiss, a plaintiff must do more than assert "threadbare recitals of the

17  elements of a cause of action, supported by mere conclusory statements." *Ashcroft*

18  *v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). A complaint must "state a claim to relief that

19  is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility

20  when the plaintiff pleads factual content that allows the court to draw the

21  reasonable inference that the defendant is liable for the misconduct alleged."

22  *Ashcroft*, 129 S. Ct. 1949. Although "[t]he plausibility standard is not akin to a

23  'probability requirement,'" the complaint must demonstrate "more than a sheer

24  possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief

25  requires "enough fact[s] to raise a reasonable expectation that discovery will reveal

26  evidence to support the claim. *Twombly*, 550 U.S. 556.

27       In considering a motion pursuant to Rule 12(b)(6), a court must accept as true

28  all material allegations in the complaint, as well as all reasonable inferences to be

-3-

1   drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However,

2   a court need not accept as true unreasonable inferences or conclusory legal

3   allegations cast in the form of factual allegations. *Ashcroft*, 129 S. Ct. 1949

4   (assumption of truth does not apply to "legal conclusions couched as a factual

5   allegation."). *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

6   (9th Cir. 2009); and W. *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

7      Moreover, when evaluating the adequacy of a complaint, the court may

8   consider exhibits submitted with the complaint or those that are subject to judicial

9   notice, without converting a motion to dismiss into a motion for summary

10  judgment. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of

11  Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Durning v. First Boston Corp.*,

12  815 F.2d 1265, 1267 (9th Cir. 1987).

13     Plaintiff's Complaint contains only conclusory allegations, and is devoid of

14  factual content from which any reasonable inference may be drawn that Defendants

15  are responsible for the misconduct alleged and Defendants should be dismissed

16  without leave to amend.

**B.   The Complaint Should Be Dismissed For Failure to Allege A Willingness and Ability to Tender the Amounts Owed**

17

18     While this motion addresses the defects set forth in the Complaint, it is

19  imperative to note at the outset that Plaintiff's arguments are further undercut by

20  her inability to satisfy California's "Tender Rule."

21     It is well established that a debtor cannot challenge foreclosure proceedings

22  without first alleging tender: "When a debtor is in default of a home mortgage loan,

23  and *a foreclosure is either pending or has taken place*, the debtor must allege a

24  credible tender of the amount of the secured debt to maintain any cause of action

25  for wrongful foreclosure." *Alicea v. GE Money Bank*, Case No. C 09-00091 SBA,

26  2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (emphasis added); *see also

27

28

-4-

1 | *United States Cold Storage of California v. Great W. Savings & Loan Ass'n*, 165
2 | Cal. App. 3d 1214, 1222 (1985).

3 |       Furthermore, the tender requirement also extends to any claim "implicitly
4 | integrated" with the foreclosure sale. *See Abdallah v. United Savs. Bank*, 43 Cal.
5 | App. 4th 1101, 1109 (1996). A cause of action is "implicitly integrated" with the
6 | foreclosure sale if it challenges and/or seeks damages relating to any aspect of the
7 | foreclosure process. *Id.*; *see also Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d
8 | 575, 579-80 (1984); *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112,
9 | 121 (1971).

10 |       Plaintiff challenges the foreclosure proceedings and Defendants' authority to
11 | foreclose. (*See generally*, Complaint.) However, Plaintiff fails to allege tender on
12 | the indebtedness of the Loan. (*See id.*) Without alleging that she is willing and able
13 | to tender the full amount of the indebtedness on the loan, Plaintiff does not have
14 | standing to challenge the foreclosure proceedings or seek equitable relief in
15 | connection therewith. The fact that Plaintiff has defaulted on her Loan since 2011,
16 | more than 3 years ago, clearly indicates that she is not able to tender the amounts
17 | owed at this time. Moreover, Plaintiff does not dispute the fact that she defaulted on
18 | the loan. (*See* Complaint, ¶ 12.) Nor do any of the exceptions to the tender rule
19 | apply. For this reason, each of Plaintiff's claims should be dismissed.

**C.   Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted With Respect to Each Cause of Action Alleged Against Defendants**

      Plaintiff's Complaint includes nine causes of action: (1) slander of title; (2) accounting; (3) injunctive relief; (4) quiet title; (5) intentional infliction of emotional distress; (6) cancellation of Trustee's Deed Upon Sale under Cal. Civ. Code § 3412; (7) violation of Cal. Civ. Code § 2923.5; (8) violation of Cal. Civ. Code § 2934(a); and (9) negligent and oppressive wrongful foreclosure. Plaintiff's supporting argument for each cause of action ignores California's comprehensive

-5-

statutory framework governing nonjudicial foreclosures. For the reasons set forth below, Plaintiff's claims are all subject to dismissal.

### 1. Plaintiff Fails to State a Claim for Wrongful Foreclosure

Plaintiff's seventh, eighth, and ninth causes of action allege violations of California's non-judicial foreclosure statutes. Plaintiff, throughout the pleading, puts forth conclusory claims that the recorded assignments, notice of default, notice of trustee's sale, and substitutions are void and the foreclosure wrongful. Plaintiff's statements are mere conclusions and fails as a matter of law for several reasons.

#### a. Defendants Are Entitled to Conduct Foreclosure Proceedings

California law authorizes lenders and their agents, including the loan servicers, to enforce the power of sale in deeds of trust in foreclosing on real properties. If the deed of trust contains an express provision granting a power of sale--as the deed of trust in this case does--the beneficiary may pursue non-judicial foreclosure, often called a "trustee's sale," under the detailed regulatory provisions of California Civil Code §§ 2924 et seq. *Moeller v. Lien*, 25 Cal. App. 4th 822, 1830 (1994). (S*ee* RJN, Exh. "A", ¶ 22.)  That statutory scheme specifically provides that the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code § 2924(a)(1) and 2924b(b)(4) (emphasis added); *see also Moeller*, 25 Cal. App. 4th at 830 ("Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.").

-6-

b.      **Judicial Actions Raising Purported "Standing" Challenges Cannot Be Filed to Interfere With Lawful Nonjudicial Foreclosure Proceedings**

Plaintiff's' "lack of standing" theory fundamentally misunderstands the requirements for completing a lawful nonjudicial foreclosure sale in California and has been consistently rejected by courts in California. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011) (California's framework does not permit "a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process" because "recognition of the right to [do so] would fundamentally undermine the nonjudicial nature of the process).

Civil Code section 2924 "provide[s] a comprehensive frame-work for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." *I.E. Associates v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985). As a result of the exhaustive nature of the statutory scheme and the general rule that statutory schemes supplant all other requirements when the scheme is comprehensive, California courts have refused to impose any requirements, from the California Commercial Code for example, in addition to what is already included in Cal. Civ. Code § 2924. *Moeller*, 25 Cal. 4th at 834. "Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1098 (E.D. Cal. 2010). Importantly, no provision of the framework requires a foreclosing party to prove up the "chain of ownership" to a borrower in order to non-judicially foreclose. *Dennis v. Wachovia Bank, FSB*, 2011 WL 181373, *7-8 (N.D. Cal. Jan. 19, 2011). "Nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground

-7-

1   for implying such an action." *Gomes*, 192 Cal. App. 4th at 1155; *Fontenot v. Wells*

2   *Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 269-73 (2011) (granting demurrer to

3   cause of action requiring MERS to validate its authority to foreclose); *Robinson v.*

4   *Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011) (holding that Cal.

5   Civ. Code § 2924 "does not provide a preemptive suit to challenge standing" of the

6   party that initiated a foreclosure); *see also Siliga v. Mortgage Electronic*

7   *Registration Systems, Inc.*, 219 Cal.App.4th 75, 85 (2013) ("Absent any prejudice,

8   the [plaintiffs] have no standing to complain about any alleged lack of authority or

9   defective assignment. [Citations.]"). Consequently, Plaintiff's effort to challenge

10  Defendants' right to foreclose cannot succeed.

11              **c.      Plaintiff Cannot Show Any Prejudice or Harm**

12          A claim for wrongful foreclosure also requires Plaintiff to allege that the

13  alleged imperfection in the foreclosure process was prejudicial to her interests. *See*

14  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011); *see also*

15  *Herrera v. Fed. Nat. Mortgage Assn.*, 205 Cal. App. 4th 1495, 1507–08 (2012)

16  ("Even assuming plaintiffs can allege specific facts showing that MERS assignment

17  of the [Deed of Trust] to OneWest and OneWest's assignment to Fannie Mae were

18  void, ... plaintiffs must also show plaintiffs were prejudiced...."). The Court in

19  *Fontenot*, pointed out the difficulty of alleging prejudice:

20          Because a promissory note is a negotiable instrument, a borrower

21          must anticipate it can and might be transferred to another creditor. As

22          to plaintiff, an assignment merely substituted one creditor for another,

23          without changing her obligations under the note. Plaintiff effectively

24          concedes she was in default, and she does not allege that the transfer

25          to HSBC interfered in any manner with her payment of the note …,

26          nor that the original lender would have refrained from foreclosure

27          under the circumstances presented. If MERS indeed lacked authority

28          to make the assignment, **the true victim was not plaintiff but the**

1         **original lender**, which would have suffered the unauthorized loss of

2         a…promissory note.

3   *Fontenot*, 198 Cal. App. 4th at 272 (internal citation omitted) (emphasis added).

4   Courts in this Circuit have accepted similar logic. *Siliga*, 219 Cal.App. at 85;

5   *Flemister v. Citibank, N.A.*, No. CV 12–5368 CAS (JCGx), 2012 WL 6675273, at

6   *5 (C.D.Cal. Dec. 20, 2012); *Edwards v. Fed. Home Loan Mortgage Corp.*, C 12-

7   04868 JSW, 2012 WL 5503532 (N.D. Cal. Nov. 13, 2012).

8         While Plaintiff allege that they are entitled to damages as a result of the

9   foreclosure they fail to allege any facts demonstrating how she has been prejudiced

10  by any defect with the assignment or that she was harmed at all. Plaintiff does not

11  contend she is not in default under the Note and Trust Deed. In fact, she still owes

12  the amount due under the note and has been living in the Property without

13  remedying her default, which occurred sometime prior to January 2011. Plaintiff

14  does not allege the foreclosure proceedings by Defendants prevented them from

15  paying the Note or curing her default.  They do not plead another potential owner of

16  the loan made a demand on her for payment or would not have foreclosed upon her

17  default. Thus, because Plaintiff has not shown prejudice, her cause of action must

18  fail.

19           **d.**     **Plaintiff Cannot Allege That The Assignments Were Invalid**

20         Plaintiff attempts to challenge the transfer of the Loan in the various

21  Assignments based on the specious argument that the recordings were somehow

22  defective or erroneous, and therefore the subsequent Substitution of Trustee, Notice

23  of Default and Notice of Trustee's Sale also fail and are void. However, Plaintiff's

24  theory fails to state a claim since it is the transfer of possession of the debt, *i.e.*, the

25  promissory note, which resulted in each trust's acquisition of the loan, not any

26  recorded Assignment of Deed of Trust, and, as a matter of law, the Deed of Trust

27  followed the Note even without a formal assignment. Cal. Civ. Code §2936 ("The

28  assignment of a debt secured by mortgage carries with it the security.").

-9-

Under California nonjudicial foreclosure laws, an Assignment of Deed of Trust is not a necessary document in completing nonjudicial foreclosure proceedings under a Deed of Trust. *Parcray v. Shea Mortg. Inc.*, No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *11 (E.D. Cal. Apr. 23, 2010); *accord Calvo v. HSBC Bank USA, N.A.*, No. B226494, 2011 WL 4035791, at *2 (Cal. App. Sept. 13, 2011); *Caballero v. Bank of Am.*, No. 10-CV-02973-LHK, 2010 WL 4604031, at *3 (N.D. Cal. Nov. 4, 2010) . Indeed, California Civil Code § 2934 states that "any assignment of beneficial interest under a deed of trust ***may be recorded***, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons[.]" (emphasis added). Thus, an Assignment of Deed of Trust is not required to be recorded. Plaintiff's allegations that the Assignments were invalid treat the assignment and recordation of the Assignments as synonymous. The sole purpose of a recorded Assignment of Deed of Trust is to give constructive notice of an interest in the note and deed of trust. Therefore, while the transfer of the promissory note effectuated the actual assignment of the Loan, the recorded Assignment of Deed of Trust merely gave Plaintiff constructive notice of the Loan's prior transfer to the Trust. Here, the recording of the Assignments merely put Plaintiff on notice that HSBC and then US Bank, as trustee, became the assigned beneficiary.

Moreover, in rejecting an argument from a borrower that an Assignment of Deed of Trust was defective, the California Court of Appeals held that:

> [P]laintiff was required to allege that HSBC did not receive a valid assignment of debt in any manner. Plaintiff rests her argument on the document in the public record, but assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded. ***The lender could readily have assigned the promissory note to HSBC in an unrecorded document that was not disclosed to plaintiff***.

-10-

1    *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 271-272 (2011).

2    Accordingly, the California Court of Appeals even emphasized the fact that an

3    assignment of deed of trust need not be recorded, and that Plaintiff must do more

4    than just allege that recorded Assignment of the Deed of Trust was defective.

5    Plaintiff fails to allege any facts that Defendants did not receive an actual

6    assignment of the debt. Absent doing so, Plaintiff's claims fail.

7        Additionally, Plaintiff's claim fails because she lacks standing to challenge

8    any assignment of the Deed of Trust to HSBC, U.S. Bank, or any other assignees.

9    Only the parties to an assignment may attack its validity. *Anderson v. Wickliffe*, 178

10   Cal. 120, 122 (1918) (holding that the validity of an assignment between the

11   original owner of a note and the assignee "was a matter of no concern to the

12   maker"); s*ee also*, *Christie v. Morgan Stanley Mortg. Capital Holdings*, LLC, No.

13   12-01584, 2012 WL 5363368, *4 (C.D. Cal. Oct. 30, 2012) (holding that "because

14   [the plaintiff] does not allege that she was a party to the assignment, she lacks

15   standing to challenge its validity") ( citing *Bleavins v. Demarest*, 196 Cal.App.4th

16   1533,1542 (2011)).

17       Indeed, since Plaintiff is neither a party to nor an intended beneficiary of the

18   Assignments, and Plaintiff does not allege as such, Plaintiff lacks standing to attack

19   its validity. *See Killian v. Millard*, 228 Cal. App. 3d 1601, 1605 (1991) (holding

20   that one not a party to a contract lacks standing to void the contract); *Lujan v.*

21   *Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (detailing the three elements

22   necessary to constitute standing). Moreover, the proposition that a stranger to a

23   contract has standing to challenge that contract merely based on the allegation that

24   it is "void" contradicts the longstanding proposition of California law that a party

25   should not be permitted to challenge or enforce covenants that were not made for

26   his or her benefit. *See Murphy v. Allstate Ins. Co.*,17 Cal.3d 937, 944 (1976);

27   *Bleavin*, 196 Cal. App. 4th at 1542; *Gantman v. United Pac. Ins. Co.*, 232

28   Cal.App.3d 1560, 1566 (1991). Any claim for an irregularity in the Assignments

-11-

1  belongs to the parties to the Assignment not the borrower. To the extent that

2  Plaintiff's purported causes of action seek equitable cancellation or invalidation of

3  the Assignments of Deed of Trust, such requests fail as a matter of law.

4       **e.**    **The Substitution of Trustee Was Proper**

5       California Civil Code § 2934a governs the procedure by which a trustee

6  under a deed of trust may be substituted. It simply requires the recordation of a

7  substitution document that has been executed and acknowledged by all the

8  beneficiaries under the trust deed. Cal. Civ. Code § 2934a(a)(1).

9       The beneficiary in the deed of trust "may make a substitution of trustee . . . to

10  conduct the foreclosure and sale." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316,

11  334 (2008); *see also* Cal. Civil Code § 2934; *Dimock v. Emerald Props. LLC*, 81

12  Cal. App. 4th 868, 871 (2000). The substitution may be "effected after a notice of

13  default has been recorded but prior to the recording of the notice of sale."  Cal. Civ.

14  Code § 2934a(c). A recorded substitution is "conclusive evidence" the substituted

15  trustee is "authorized to act as the trustee under the mortgage or deed of trust for all

16  purposes from the date the substitution is executed by the mortgagee, beneficiaries,

17  or by their authorized agents." Cal. Civ. Code § 2934a(d).

18       In this case, the Deed of Trust beneficiary, U.S. Bank substituted Summit as

19  trustee. (RJN, Exh. "G".)  Plaintiff conclusory allegations that the substitution did

20  not or exist and/or was not valid cannot overcome the "conclusive evidence" which

21  establishes that the substituted trustee (Summit) was and is "authorized to act as the

22  trustee under the mortgage or deed of trust for all purposes" from and after the date

23  of execution. Cal. Civ. Code § 2934a(d). Even assuming the Substitution of Trustee

24  was invalid, which it is not, this is of no moment because Summit still could have

25  filed the Notice of Trustee's Sale and instituted foreclosure proceedings as an agent

26  of U.S. Bank. *See* Cal. Civ. Code § 2924.

27

28

NOTICE OF MOTION AND MOTION TO DISMISS
70329-0149/LEGAL124498657.1

1

### f.      The Notice of Default Was Proper

2      California Civil Code § 2924(a)(1) allows "[t]he trustee, . . . beneficiary, or

3 any of their authorized agents" to initiate nonjudicial foreclosure by recording a

4 notice of default. In this case, Summit, acting either as the entity designated in the

5 executed Substitution of Trustee or a an authorized agent for the Deed of Trust

6 beneficiary, executed and recorded the Notice of Default. (RJN, Exh. "H".)

7 Plaintiff's allegations, taken together, seem to suggest they think the Notice of

8 Default is improper due to an allegedly ineffective Substitution of Trustee. Summit

9 was not, however, even required to be trustee to record the notice pursuant to Cal.

10 Civ. Code § 2924(a)(1). Plaintiff's allegations that Summit was not serving as a

11 valid "trustee, mortgagee, beneficiary, or authorized agent" are wholly conclusory.

12 Plaintiff fails to plead any facts indicating that Summit could not or indeed was not

13 acting as a proper agent when the Notice of Default was issued on April 7, 2014.

14 The Complaint alleges no facts sufficient to show that the proper parties did not

15 conduct the foreclosure proceedings.

16

### g.      The Claim That Defendant Failed to Comply With Section 2923.5 Fails

17
      California Civil Code § 2923.5 prohibits a mortgage servicer or beneficiary

18 from recording a notice of default until it has contacted the borrower "to assess the

19 borrower's financial situation and explore options for the borrower to avoid

20 foreclosure." *See* Cal. Civ. Code § 2923.5(a)(2). Plaintiff argues that Defendants

21 failed to satisfy that requirement. (*See* Complaint ¶ 45.) However, the allegations in

22 the Complaint fatally undermine her argument. Plaintiff alleges that she had several

23 conversations with Caliber and was even offered a loan modification, which she

24 failed to accept. (*See* Complaint ¶ 12.) In light of these allegations, Plaintiff's

25 wrongful foreclosure theory based on § 2923.5 cannot survive. *See, e.g., Caceres v.*

26 *Bank of America, N.A.*, No. SACV 13-542-JLS (RNBx), 2013 WL 7098635, at

27 *5(C.D. Cal. Oct. 28, 2013) (dismissing § 2923.5 claim where the parties had

28

-13-

1   attempted to negotiate a loan modification); *Clerk v. Telesis Comm. Credit Union*,

2   No. EDCV 12-01152- CJC(DTBx), 2013 WL 3071250, at *4 (C.D. Cal. June 18,

3   2013) (same); *Brown v. U.S. Bancorp*, No. CV 11-6125 CAS (PJWx), 2012 WL

4   665900, at *7 (C.D. Cal. Feb. 27, 2012) (same).

5       **2.**    **Plaintiff Fails to State a Claim for Slander of Title**

6       Plaintiff's first cause of action is for slander of title. Slander of title "occurs

7   when a person, without privilege to do so, publishes a false statement that

8   disparages title to property and causes pecuniary loss." *Truck Ins. Exchange v.*

9   *Bennett*, 53 Cal.App.4th 75, 85 (1997). Therefore, to state a claim for slander of

10   title, Plaintiff must allege: "(1) a publication, (2) without privilege or justification,

11   (3) falsity, and (4) direct pecuniary loss." *Sumner Hill Homeowners' Assoc. v. Rio*

12   *Mesa Holdings, LLC*, 205 Cal.App.4th 999, 1030 (2012).

13       It would appear that Plaintiff is alleging that Defendants disparaged her title

14   by and through the recording of the non-judicial foreclosure documents. (*See*

15   Complaint, ¶ 16.) However, this claim fails as a matter of law because non-judicial

16   foreclosure documents are *privileged publications* pursuant to Cal. Civ. Code §

17   2924(d) (mailing, publication, and delivery of notices as required by the foreclosure

18   statutes, and the performance of the non-judicial foreclosure procedures, shall

19   constitute privileged communications) and § 47. *See Hagberg v. California Federal*

20   *Bank FSB*, 32 Cal. 4th 350, 361 (2004).

21       All non-judicial foreclosure documents are privileged communications,

22   unless the recordation was done with malice. *Kachlon v. Markowitz*, 168 Cal. App.

23   4th 316, 333 (2008); *see also Dubose v. Suntrust Mortg.*, Inc., 2012 WL 1376983,

24   at *3 (N.D. Cal. Apr. 19, 2012) (dismissing a slander of title claim because the

25   recording of a notice of default, notice of trustee sale, and substitution of trustee

26   were privileged); *McFadden v. Deutsche Bank Nat'l Trust Co.*, 2011 U.S. Dist.

27   LEXIS 91010, at *42 (E.D. Cal. Aug. 2011) (finding the plaintiffs' claim for

28   slander of title failed because the recording of the trustee's deed upon sale was

"subject to a qualified privilege[]" and the plaintiffs failed to allege facts supporting the conclusion that the recording was done with malice). Here, Plaintiff fails to allege facts supporting the conclusion that Defendants acted with malice, such that the "publication was motivated by hatred or ill will" or that Defendants "acted in reckless disregard of the plaintiffs' rights." *See Kachlon*, 168 Cal.App.4th at 336 (citing *Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 413, (1976)). As such, no slander is alleged.

Also, to the extent that Plaintiff is seeking a declaration of rights in her slander of title claim, the declaratory relief Plaintiff seeks is entirely commensurate with the relief sought through their other causes of action.  Thus, Plaintiff's declaratory relief claim is duplicative and unnecessary.  A claim for declaratory relief is "unnecessary where an adequate remedy exists under some other cause of action."  *Mangindin v. Washington Mutual Bank*, 637 F.Supp.2d 700, 707 (N.D. Cal. 2009).  In addition, because the contentions underlying Plaintiff's declaratory relief request are without basis in fact or law, they cannot establish an actual present controversy that justifies this remedy.  Indeed, the declaratory relief claim is predicated entirely on the failed theories that provide the basis for Plaintiff's other causes of action.  Accordingly, there is no real, immediate controversy to adjudicate, and Plaintiff's request for declaratory relief may be dismissed with prejudice.

### 3.    Plaintiff Fails to State a Claim for an Accounting

Plaintiff's second cause of action is for an accounting. "To state a cause of action for an accounting, a plaintiff must allege (1) a fiduciary relationship or other circumstances appropriate to the remedy; and (2) a balance due from the defendant to the plaintiff that can only be ascertained by an accounting." *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, *7-8 (N.D. Cal. July 13, 2011).

Plaintiff has not pled the existence of a special relationship with Defendants sufficient to create a fiduciary relationship between Plaintiff and Defendants. *See*

-15-

1   *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 6 (1950) (an accounting frequently

2   "presents a fiduciary relation between the parties in the nature of a trust which

3   brings it especially within equitable remedies"); *Oaks Management Corporation v.*

4   *Superior Court,* 145 Cal. App. 4th 453, ("Absent 'special circumstances' a loan

5   transaction 'is at arms-length and there is no fiduciary relationship between the

6   borrower and lender.'"); *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429,

7   437 (2010); *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089,

8   1096. The same rules apply to a loan servicer. A loan servicer does not owe a duty

9   to the borrower of the loan it is servicing. *Castaneda v. Saxon Mortg. Servs.*, 687 F.

10  Supp. 2d 1191, 1198 (E.D. Cal. 2009) ("As a servicer of the loan, Saxon does not

11  owe a duty to the borrowers of the loans it services."). Given the nature of

12  Plaintiff's allegations, this case clearly involves nothing more than an arms-length

13  loan transaction that, as a matter of law, cannot give rise to a fiduciary relationship

14  between Plaintiff and any of the Defendants. Because a fiduciary relationship is a

15  necessary element to seeking an accounting, the Court should dismiss Plaintiff's

16  claim. Moreover, Plaintiff fails to allege facts sufficient to show that "some balance

17  is due [to her]" from Defendant. *See Kritzer*, 96 Cal. App. 2d at 6. As such, this

18  claim must fail.

19       **4.    Plaintiff Fails to State a Claim for Injunctive Relief**

20       Plaintiff's third cause of action is for injunctive relief. Injunctive relief is a

21  remedy not a cause of action. 5 Witkin, Cal. Procedure (5th ed.), Pleading, § 822, at

22  238 ("Injunction is an equitable remedy available to a person aggrieved by certain

23  torts or other wrongful acts[.]"). On this ground alone, the claim fails.

24       Further, Plaintiff is not entitled to injunctive relief because she does not

25  allege a wrongful conduct or harm by Defendants, let alone facts showing a threat

26  of continuing harm by Defendants. *Madrid v. Perot Systems Corp*., 130 Cal. App.

27  4th 440, 462 (2005) ("Injunctive relief is appropriate only when there is a threat of

28  continuing misconduct."). The complaint is supported by allegations or theories that

-16-

1   are not supported by authority. An injunction is not warranted. The motion should

2   be granted as to this "cause of action" with prejudice.

3         **5.**      **Plaintiff Fails to State a Claim for Quiet Title**

4        Plaintiff's fourth cause of action is for quiet title. However, Plaintiff does not

5   allege a tender of the indebtedness amount, which is a prerequisite to an action for

6   quiet title in California. *E.g. Kelley v. Mortgage Electronic Registration*, 642

7   F.Supp.2d 1048, 1057 (N.D.Cal.2009). "In California it is well-settled that 'a

8   mortgager cannot quiet his title against the mortgagee without paying the debt

9   secured.' " *Briosos v. Wells Fargo Bank*, 737 F.Supp.2d 1018, 1032

10   (N.D.Cal.2010) (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also*,

11   *e.g.*, *Dimock v. Emerald Prop. LLC*, 81 Cal.App.4th 868, 877–78 (2000) ( "[I]n the

12   context of overcoming a voidable sale, the debtor must tender any amounts due

13   under the deed of trust.").

14        Plaintiff's claim also fails because she cannot state Defendants' adverse

15   claims to title. *See* Cal. Code Civ. Proc. § 760.020. Plaintiff acknowledged the

16   power of sale and the beneficiary's right to commence and conduct non-judicial

17   foreclosure proceedings in the event of a default when he signed, and presumably

18   read, the Deed of Trust in 2003. (RJN, Exh. "A".)

19        Finally, the remedy of quiet title "is cumulative and not exclusive of any

20   other remedy, form or right of action, or proceeding provided by law for

21   establishing or quieting title to properly." Cal. Code Civ. Proc. §760.030(a).

22   Because Plaintiff cannot state any claim against Defendants as discussed

23   throughout this Motion, Plaintiff cannot state a claim to quiet title.

24        Accordingly, this Court should dismiss Plaintiff's claim to Quiet Title

25   without leave to amend.

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS
70329-0149/LEGAL124498657.1

### 6.   Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress

Plaintiff's fifth cause of action is for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress plaintiff must allege (1) Defendants engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) Plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress. *Ross v. Creel Printing & Publishing Co., Inc.*, 100 Cal. App. 4th 736, 744-745 (2002).

"Whether treated as an element of the prima facie case or as a matter of defense, it must also appear that the defendants' conduct was unprivileged." *Id.* "The assertion of an economic interest in good faith is privileged, even if it causes emotional distress." *Id.* at 736. The attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress. *Id.* Debt collection conduct is only outrageous if it goes beyond "all bounds of decency." *Id.* at 745. Plaintiff has not pled, and cannot plead outrageous conduct beyond all bounds of decency, therefore Defendants motion should be sustained without leave to amend.

Moreover, Defendants' debt collection foreclosure efforts are privileged. *See* Civ. Code § 2924(d), discussed above. Plaintiff does not allege facts showing that Defendants' foreclosure efforts post default - conduct expressly authorized by the terms of the security - goes beyond the bounds of decency. By executing the Deed of Trust, Plaintiff agreed to foreclosure in the event of default. Plaintiff's allegations are insufficient to state a tort cause of action for intentional infliction of emotional distress and therefore, this cause of action should be dismissed.

### 7.   Plaintiff Fails to State A Claim for Cancellation of Trustee Deed Upon Sale Under Cal. Civ. Code § 3412

Plaintiff's sixth cause of action for cancellation of the Trustee's Deed is wholly conclusory, incoherent and not timely. Plaintiff seeks the cancellation of

-18-

1   instruments pursuant to Cal. Civ. Code § 3412, which provides for the cancellation

2   of a written instrument when there is "reasonable apprehension that if left

3   outstanding it may cause serious injury to a person against whom it is void or

4   voidable." A request to cancel [an instrument] is 'dependent upon a substantive

5   basis for liability, [and has] no separate viability.'" *Yazdanpanah v. Sacramento*

6   *Valley Mortgage Group*, 2009 WL 4573381, *6 (N.D. Cal. Dec. 1, 2009) (quoting

7   *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023 n.3 (2000)). "To

8   plead a cause of action for cancellation of instrument, plaintiff must show that he

9   will be injured or prejudiced if the instrument is not cancelled, and that such

10  instrument is void or voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010

11  WL 2629899, at *7 (E.D. Cal. June 29, 2010).

12        Plaintiff has not pled any facts that would provide a legal basis for adjudging

13  any documents at issue in this action void. This claim fails as a result and should be

14  dismissed without leave to amend. Moreover, the title of the cause action seeks

15  cancellation of an instrument (Trustee's Deed Upon Sale) that has not even been

16  recorded because the foreclosure sale has not happened, therefore, at least in part,

17  the cause is not timely.

18        Additionally, the tender rule also applies to claims for cancellation of

19  instruments. *Jelsing v. MIT Lending*, 2010 WL 2731470, *6 (S.D. Cal. July 9,

20  2010). As addressed above, Plaintiff has not alleged tender. Because Plaintiff has

21  failed to allege tender of her outstanding debt, Plaintiff may not obtain equitable

22  relief.

23        Even if Plaintiff were to allege tender of payment, the cause of action would

24  fail because Plaintiff is unable to show prejudice. *See Dick v. Am. Home Mortg.*

25  *Servicing, Inc.*, 2014 WL 172537 at *5 (E.D. Cal. Jan. 15, 2014) (finding the

26  "plaintiffs cannot allege prejudice here because they cannot plausibly allege that the

27  improper assignment affected their inability to pay their debt" and dismissing the

28  cancellation of instruments claim with prejudice); *Wilson v. Household Fin. Corp.*,

-19-

2013 WL 1310589, at *8 (E.D. Cal. Mar. 28, 2013) (explaining that "a party is unable to show prejudice "if he is unable to pay his reasonable indebtedness). Accordingly, Plaintiff's cause of action for the cancellation of instruments should be dismissed without leave to amend.

### D. Plaintiff's Complaint Should Be Dismissed Without Leave to Amend Because Leave to Amend Would be Futile

Though leave to amend is generally liberally granted, leave to amend here would be futile and a waste of judicial resources. Where a motion to dismiss is granted, a district court should deny leave to amend when it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). Plaintiff's Complaint is completely without merit and contrary to established California law. Plaintiff cannot cure the fatal defects of her Complaint. Plaintiff's Complaint in its entirety should be dismissed without leave to amend.

## IV. CONCLUSION

For the above-stated reasons, Defendants respectfully requests that the court grant their Motion to Dismiss Plaintiff's Complaint in its entirety without leave to amend.

DATED: December 17, 2014
                                        **PERKINS COIE LLP**

                                        By: */s/ Aaron R. Goldstein*
                                        Aaron R. Goldstein, Bar No. 239423
                                        AGoldstein@perkinscoie.com

                                        Attorneys for Defendants
                                        CALIBER HOME LOANS, INC.,
                                        SUMMIT MANAGEMENT
                                        COMPANY, LLC, and MORTGAGE
                                        ELECTRONIC REGISTRATION
                                        SYSTEMS, INC.

-20-

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721. On December 17, 2014, I deposited with Federal Express, a true and correct copy of the within documents:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

in a sealed envelope, addressed as follows:

Michele Goodspeed
6986 Newbury Avenue
San Bernardino, CA. 92404
Telephone: (951) 269-3213
Fax: (951) 346-3360
Plaintiff In Pro Per

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 17, 2014, at Los Angeles, California.

_____
Jose Gamez

NOTICE OF MOTION AND MOTION TO DISMISS