1   David T. Biderman, Bar No. 101577
    DBiderman@perkinscoie.com
2   Aaron R. Goldstein, Bar No. 239423
    AGoldstein@perkinscoie.com
3   PERKINS COIE LLP
    1888 Century Park E., Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:  310.843.1284

6   Attorneys for Defendants
    CALIBER HOME LOANS, INC.,
7   SUMMIT MANAGEMENT COMPANY, LLC,
    and MORTGAGE ELECTRONIC
8   REGISTRATION SYSTEMS, INC.

9                       UNITED STATES DISTRICT COURT

10                      CENTRAL DISTRICT OF CALIFORNIA

11

12
    MICHELE GOODSPEED an              Case No.: CV 14-02538-TJH (KKx)
13  individual,

14              Plaintiff,            **DEFENDANT MORTGAGE
                                      ELECTRONIC REGISTRATION
15       v.                          SYSTEM, INC.'S ANSWER TO
                                      PLAINTIFF'S COMPLAINT**
16  CALIBER HOME LOANS, INC., *et
    al.*,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

70329-0149/LEGAL125407753.1                    MERS' Answer to Plaintiff's Complaint

1    Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

2  INC. ("MERS" or "Defendant") hereby answers the Complaint ("Complaint") filed

3  by Plaintiff MICHELE GOODSPEED ("Plaintiff") as follows:

4    1.    On information and belief, Defendant admits that certain real

5  property exists at 6986 Newbury Avenue, San Bernardino, California, within the

6  County of San Bernardino. Defendant lacks knowledge or information sufficient

7  to form a belief as to the truth of any of the remaining allegations of this paragraph

8  and therefore denies the allegations on that basis.

9    2.    On information and belief, Defendant admits that certain real located

10  at 6986 Newbury Avenue, San Bernardino, California is associated with

11  Assessor's Parcel Number 0273-353-05.

12    3.    The allegations of Paragraph 3 are directed to parties other than

13  Defendant and no response from Defendant is therefore required. To the extent

14  that Paragraph3 consists of allegations against other defendants, Defendant lacks

15  sufficient information or knowledge upon which to form a belief as to the truth of

16  the allegations contained in Paragraph 3 and therefore denies the allegations on

17  that basis.

18    4.    To the extent that Paragraph 4 of Plaintiff's Complaint consists of

19  conclusions of law, Defendant is not required to respond. MERS is a privately held

20  Delaware corporation and wholly owned subsidiary of MERSCORP Holdings, Inc.

21  with its principal place of business in the State of Virginia, duly authorized to

22  conduct business in California. Defendant denies all other allegations.

23    5.    The allegations of Paragraph 5 are directed to parties other than

24  Defendant and no response from Defendant is therefore required. To the extent

25  that Paragraph 5 consists of allegations against other defendants, Defendant lacks

26  sufficient information or knowledge upon which to form a belief as to the truth of

27  the allegations contained in Paragraph 4 and therefore denies the allegations on

28  that basis.

6.    In its answer to Paragraph 6, Defendant incorporates by reference its responses to Paragraphs 1-5 of the Complaint as though fully set forth herein.

7.    Defendant denies the allegations in Paragraph 7 insofar as they allege any conduct by Defendant.  Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 7 and on that basis denies.

8.    Defendant denies the allegations in Paragraph 8 insofar as they allege any conduct by Defendant.  Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 8 and on that basis denies.

9.    Answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff borrowed $99,000.00 from MILA, Inc., D/B/A Mortgage Investment Lending Associates, Inc. secured by a Deed of Trust recorded against residential property located at 6986 Newbury Avenue, San Bernardino, California. Defendant further admits that the recorded Document No. 2003-0739030 speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any of the other allegations of this paragraph and therefore denies on that basis.

10.    Defendant denies the allegations in Paragraph 10 insofar as they allege any conduct by Defendant. Defendant admits that the recorded Document Nos. 2013-0293141,  2014-0072362, 2012-0108656 speaks for themselves. Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 10 and on that basis denies.

11.    To the extent that Paragraph 11 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond. Defendant denies the allegations in Paragraph 11 insofar as they allege any conduct by Defendant. Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 11 and on that basis denies.

12.     Defendant denies the allegations in Paragraph 12 insofar as they allege any conduct by Defendant.  Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 12 and on that basis denies.

13.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 13.

14.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 14.

15.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 15.

16.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 16.

17.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 17.

18.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 18.

19.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 19.

20.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 20.

21.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 21.

22.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 22.

23.     The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 23.

24.     The Court has inferred in its order that no cause of action exists as plead in the Third Cause of Action of Plaintiff's Complaint; however, the Court

1    notes that a remedy for injunctive relief may remain. (*See* Docket No. [16].) To

2    the extent any response is necessary based on a remedy available in other causes

3    of action, Defendant responds that its answer to Paragraph 24, Defendant

4    incorporates by reference its responses to Paragraphs 1-23 of the Complaint as

5    though fully set forth herein.

6         25.    The Court has inferred in its order that no cause of action exists as

7    plead in the Third Cause of Action of Plaintiff's Complaint; however, the Court

8    notes that a remedy for injunctive relief may remain. (*See* Docket No. [16].) To

9    the extent any response is necessary based on a remedy available in other causes

10   of action, Defendant denies the allegations in Paragraph 25 insofar as they allege

11   any conduct by Defendant. Based on information and belief, Defendant denies any

12   allegations in Paragraph 25 suggesting that Defendant has no right to proceed with

13   the foreclosure sale. Defendant lacks sufficient information to form a belief as to

14   the truth or falsity of any other allegations in Paragraph 25 and on that basis

15   denies.

16        26.    The Court has inferred in its order that no cause of action exists as

17   plead in the Third Cause of Action of Plaintiff's Complaint; however, the Court

18   notes that a remedy for injunctive relief may remain. (*See* Docket No. [16].) To

19   the extent any response is necessary based on a remedy available in other causes

20   of action, Defendant denies the allegations in Paragraph 26 insofar as they allege

21   any conduct by Defendant. Defendant lacks sufficient information to form a belief

22   as to the truth or falsity of any other allegations in Paragraph 26 and on that basis

23   denies.

24        27.    The Court has inferred in its order that no cause of action exists as

25   plead in the Third Cause of Action of Plaintiff's Complaint; however, the Court

26   notes that a remedy for injunctive relief may remain. (*See* Docket No. [16].) To

27   the extent any response is necessary based on a remedy available in other causes

28   of action, Defendant denies the allegations in Paragraph 27 insofar as they allege

1  any conduct by Defendant. Based on information and belief, Defendant denies any

2  allegations in Paragraph 27 suggesting that the Notice of Default and Notice of

3  Trustee Sale were improper. Defendant lacks sufficient information to form a

4  belief as to the truth or falsity of any other allegations in Paragraph 27 and on that

5  basis denies.

6       28.    The Court has ordered this cause of action dismissed (*See* Docket No.

7  [16]); therefore, Defendant is not required to respond to Paragraph 28.

8       29.    The Court has ordered this cause of action dismissed (*See* Docket No.

9  [16]); therefore, Defendant is not required to respond to Paragraph 29.

10       30.    The Court has ordered this cause of action dismissed (*See* Docket No.

11  [16]); therefore, Defendant is not required to respond to Paragraph 30.

12       31.    The Court has ordered this cause of action dismissed (*See* Docket No.

13  [16]); therefore, Defendant is not required to respond to Paragraph 31.

14       32.    The Court has ordered this cause of action dismissed (*See* Docket No.

15  [16]); therefore, Defendant is not required to respond to Paragraph 32.

16       33.    The Court has ordered this cause of action dismissed (*See* Docket No.

17  [16]); therefore, Defendant is not required to respond to Paragraph 33.

18       34.    The Court has ordered this cause of action dismissed (*See* Docket No.

19  [16]); therefore, Defendant is not required to respond to Paragraph 34.

20       35.    The Court has ordered this cause of action dismissed (*See* Docket No.

21  [16]); therefore, Defendant is not required to respond to Paragraph 35.

22       36.    The Court has ordered this cause of action dismissed (*See* Docket No.

23  [16]); therefore, Defendant is not required to respond to Paragraph 36.

24       37.    The Court has ordered this cause of action dismissed (*See* Docket No.

25  [16]); therefore, Defendant is not required to respond to Paragraph 37.

26       38.    The Court has ordered this cause of action dismissed (*See* Docket No.

27  [16]); therefore, Defendant is not required to respond to Paragraph 38.

28       39.    The Court has ordered this cause of action dismissed (*See* Docket No.

[16]); therefore, Defendant is not required to respond to Paragraph 39.

40. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 40.

41. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 41.

42. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 42.

43. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 43.

44. In answering Paragraph 44, Defendant incorporates by reference its responses to Paragraphs 1-43 of the Complaint as though fully set forth herein.

45. Defendant denies the allegations in Paragraph 45 insofar as they allege any conduct by Defendant. Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 45 and on that basis denies.

46. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 46.

47. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 47.

48. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 48.

49. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 49.

50. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 50.

51. The Court has ordered this cause of action dismissed (*See* Docket No. [16]); therefore, Defendant is not required to respond to Paragraph 51.

Defendant denies that Plaintiff is entitled to the requested relief.

**AS AND FOR ITS AFFIRMATIVE DEFENSES HEREIN, DEFENDANT ALLEGES AS FOLLOWS:**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Facts Sufficient to Constitute a Cause of Action)**

The Complaint, and each and every cause of action alleged therein, fails to state facts that, if proven, are sufficient to constitute a cause of action upon which the requested relief may be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's demand for damages in the Complaint is barred, in whole or in part, because of Plaintiff's failure to act reasonably to mitigate his alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of estoppel due to Plaintiff's own acts or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Breach of Duty)**

Defendant did not directly or indirectly perform or fail to perform any acts which constitute a violation of any contractual duty or obligation, if any, owed to Plaintiff.

1  **SEVENTH AFFIRMATIVE DEFENSE**

2  **(Justification)**

3  Defendant was contractually and/or equitably justified in doing and/or

4  omitting to do any and/or all of the acts and/or omissions alleged in the Complaint.

5  **EIGHTH AFFIRMATIVE DEFENSE**

6  **(Consent)**

7  Plaintiff had actual, implied, and/or constructive knowledge of all acts and/or

8  omissions alleged in the Complaint and, while conscious of those acts and/or

9  omissions, Plaintiff gave his express or implied consent to all such alleged acts

10  and/or omissions.

11  **NINTH AFFIRMATIVE DEFENSE**

12  **(Avoidable Consequences)**

13  The Complaint, and each and every purported cause of action alleged therein,

14  is barred by Plaintiff's taking unnecessary actions which caused his alleged

15  damages, if any.

16  **TENTH AFFIRMATIVE DEFENSE**

17  **(No Causation)**

18  If Plaintiff suffered any damage or injury, such damage or injury was not

19  caused by any acts or omissions of Defendant.

20  **ELEVENTH AFFIRMATIVE DEFENSE**

21  **(Ratification)**

22  The Complaint, and each and every purported cause of action alleged therein,

23  is barred by Plaintiff's ratification of the actions allegedly undertaken.

24  **TWELFTH AFFIRMATIVE DEFENSE**

25  **(Good Faith)**

26  The Complaint, and each and every cause of action alleged therein, is barred

27  because Defendant acted at all times in good faith and with good cause.

28  Defendant's conduct was within the reasonable expectations of the parties, and

Defendant at no time acted so as to deprive Plaintiff of any rights or to cause Plaintiff the injuries described in the Complaint, if any exist.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff unreasonably delayed in providing notice and in commencing and prosecuting this action which caused unfair prejudice to Defendant, barring any recovery against Defendant under the equitable doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Answering Defendant alleges that the Complaint is barred by the provisions of Section 1624 of the Civil Code, i.e., the Statute of Frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Answering Defendant alleges that the Complaint is barred by the applicable Statute of Limitations set forth in the California Code of Civil Procedure beginning with Section 331 and continuing through 348 and by Sections 2607(3)(a) and 2725 of the Uniform Commercial Code of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Impossibility and Impracticability)

Answering Defendant alleges that the Complaint is barred by the Doctrine of Impossibility and Impracticability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Acts and Omissions of Others)

Answering Defendant alleges that the incident complained of by Plaintiff in the Complaint was due to the acts and/or omissions of persons and entities other than this Answering Defendant.

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Intervening and Superseding Cause)

3      Answering Defendant alleges that the injuries and damages sustained by

4  Plaintiff, if any were caused by the intervening and superseding actions of others,

5  which intervening and superseding actions bar and/or diminish Plaintiff's recovery,

6  if any, against answering Defendant.

7

## NINETEENTH AFFIRMATIVE DEFENSE

8

### (Adequate Remedy at Law)

9      Defendant is informed and believe, and thereupon allege, that the injunctive

10  and restitution remedies sought under the *Business and Professions Code* § 17200

11  claim are barred in light of the fact that Plaintiff has an adequate remedy at law for

12  damages and rescission.

13

## TWENTIETH AFFIRMATIVE DEFENSE

14

### (Substantial Performance)

15      As a further and separate affirmative defense to the Complaint, Defendant

16  alleges that Defendant strictly complied with and/or substantially performed the

17  requirements contained in any alleged agreement with Plaintiff.

18

## TWENTY-FIRST AFFIRMATIVE DEFENSE

19

### (Excuse)

20      As a further and separate affirmative defense to the Complaint, Defendant

21  alleges that Plaintiff breached any agreement alleged in the Complaint, which

22  breach excused Defendant from its duties under said alleged agreement.

23

## TWENTY- SECOND AFFIRMATIVE DEFENSE

24

### (Release)

25      As a further and separate affirmative defense to the Complaint, Defendant

26  alleges that Defendant has been released from any obligations they may have in

27  connection with the events complained of in Plaintiff's Complaint.

28

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Comply with Conditions, Covenants, and Promises)

Plaintiff is not entitled to any recovery from Defendant due to Plaintiff's failure to comply with the conditions, covenants and promises that they were required to perform under the alleged agreement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Condition Precedent)

Defendant's alleged failure to perform under the alleged agreement resulted from Plaintiff's failure to perform pursuant to the agreement's relevant terms and conditions, and that performance on Plaintiff's part was a condition precedent to the performance of Defendant's obligations, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Malice)

Defendant is informed and believe, and there upon alleges, that the communications complained of by Plaintiff were made without malice or wrongful intent on the part of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Defendant is informed and believe, and there upon alleges, that Plaintiff, through his actions, has acquiesced to Defendant, thereby barring his claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Pre-emption)

Defendant alleges that the claims in the Complaint are pre-empted by federal law, as the alleged violations to assert this claim may be regulated by a detailed and comprehensive enforcement scheme established under federal law (i.e., HAMP).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Truth)

Defendant alleges that Defendant's statements regarding title to the property at issue were truthful and not false.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Privileged Publication)

Defendant alleges that Defendant's statements regarding title to the property at issue were published pursuant to *Civil Code§* 47 and therefore privileged.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Publication Made Without Malice)

Defendant alleges that Defendant's statements regarding title to the property at issue were published pursuant to *Civil Code* §47(c) and therefore made without malice.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Notice of Default Valid)

Defendant alleges that the Notice of Default at issue in this lawsuit complies with all applicable provisions of Civil Code §2924 et seq. and is therefore a valid instrument.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Notice of Sale Valid)

Defendant alleges that the Notice of Sale at issue in this lawsuit complies with all applicable provisions of Civil Code § 2924 et seq. and is therefore a valid instrument.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Damages)

Defendant alleges that any recovery based on the allegations in the Complaint will not result in a recovery of damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Damages Set-Off)

Defendant alleges that Plaintiff's damages, if any, are subject to a set-off and any recovery obtained by Plaintiff should be barred and/or reduced according to law, up to and including the whole thereon.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Defendant alleges that Plaintiff's alleged damages are uncertain, speculative and incapable of measurement.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Name Indispensable Parties)

Defendant alleges that parties exist who are subject to service of process, and that the joinder of these parties would not deprive the Court of subject matter jurisdiction, and that such parties' joinder is indispensable and/or necessary to provide complete relief to Plaintiff and/or may adversely affect the obligations, if any, of Defendant, and that Plaintiff, by virtue of his own acts and/or the acts or omissions of others chargeable to it, failed to join all such indispensable parties as defendants to the Complaint.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Uncertain)

Defendant alleges that the Complaint is uncertain and ambiguous.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Injury Claimed Attributable to Plaintiff)

Defendant alleges that any injury suffered by Plaintiff was caused by the acts, omissions and wrongdoing of Plaintiff, by virtue of his own acts and/or the acts or omissions of others chargeable to him, and not any acts, omissions or wrongdoing of Defendant.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Injuries and Damages Claimed Attributable to Third Parties)

Defendant alleges that any injury suffered by Plaintiff was proximately caused and contributed to by the conduct, acts, omissions and wrongdoing conduct, acts, omissions and/or activities of a third party.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Willful Misconduct)

Defendant alleges that none of the alleged wrongful conduct was done willfully or intentionally by Defendant.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Plaintiff's Lack of Due Diligence)

Defendant alleges that any alleged damages were caused by plaintiff's own lack of due diligence and investigation.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Defendant alleges that any wrongful conduct alleged in the Complaint was a result of a bona fide error.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Past Wrongs or Speculative Dispute)

Defendant alleges that the Complaint seeks redress for past wrongs or a speculative dispute, which bar Plaintiff from seeking a declaratory judgment.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Irrelevant Standard)

Defendant alleges that Plaintiff is not a member of the class of person for whose protection the statute, ordinance or regulation referred to in the Complaint was intended.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Tender)

Defendant is informed and believe, and there upon allege, that the Complaint is barred because Plaintiff has not tendered, and is unable to tender, the full amount of his indebtedness on the subject loan, including but not limited to the remaining loan balance.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by the Complaint,

2. That Defendant be awarded costs of suit incurred herein, including reasonable attorneys' fees if allowed by contract of statute, and

3. For any such other and further relief as the Court deems just and proper.

DATED:  March 23, 2015                **PERKINS COIE LLP**

By: */s/ Aaron R. Goldstein*
     Aaron R. Goldstein, Bar No. 239423
     AGoldstein@perkinscoie.com

Attorneys for Defendants
CALIBER HOME LOANS, INC.,
SUMMIT MANAGEMENT
COMPANY, LLC, and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721. On March 23, 2015, I deposited with Federal Express, a true and correct copy of the within documents:

**DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

in a sealed envelope, addressed as follows:

Michele Goodspeed
6986 Newbury Avenue
San Bernardino, CA. 92404
Telephone: (951) 269-3213
Fax: (951) 346-3360
Plaintiff In Pro Per

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 23, 2015, at Los Angeles, California.

_____
Jose Gamez